```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     V.                       )    Criminal No. 05-10008-DPW
                              )
BILAAL MCCLOUD                )
```

## JOINT MEMORANDUM REGARDING LOCAL RULE 116.5(A)

In preparation for the Initial Status Conference in this case, which is scheduled for March 1, 2005, and pursuant to this Court's Order dated January 18, 2005, the parties have conferred with respect to the items set forth in Local Rule 116.5(A)(1) through 116.5(A)(7), and submit this joint memorandum addressing the parties' positions on those issues, as set forth below:

(1)  The Defendant does not request that he be given relief from the otherwise applicable timing requirements imposed by Local Rule 116.3 (discovery motion practice).

(2)  The Defendant requests discovery concerning expert witnesses, and the government requests reciprocal discovery.  The government has already identified the ballistician who will testify as an expert in this case, and has provided a copy of the report of the ballistician who tested the ammunition that is the subject of Count Two of the indictment.  The Defendant will identify any expert he intends to use, and both parties will provide reciprocal discovery concerning the qualifications of its experts no later than thirty days before trial.

(3) At this time, the government does not anticipate any additional discovery.

(4) The parties ask that the Court establish a motion date pursuant to Fed. R. Crim. P. 12(c), for the purpose of allowing the defendant time to file substantive pre-trial motions. The defendant requests 60 days to file motions to dismiss and suppress statements and other evidence. The government does not oppose this request, as long as the period of delay is excludable under the Speedy Trial Act.

(5) It is the government's view that the period from the defendant's initial appearance on January 13 through January 18, 2005, is excludable because government's motion for detention was pending. See 18 U.S.C. §3161(h)(1)(F).

This Court, by Order dated January 18, 2005, previously excluded the time period from January 18, 2005, through February 15, 2005, on which date the government provided automatic discovery. See Local Rule 112.2(A)(2).

It is the government's position that the period of time from February 15 to March 1, 2005, should be excluded as the period of time given to the Defendant to file additional discovery requests following receipt of the government's letter. See 18 U.S.C. §§3161(h)(8)(A) and (h)(1); United States v. Joidon, 672 F.2d 232, 237-8 (1st Cir. 1982) (excluding period of time given to defendant to prepare motion). In addition, in its discovery

letter, the government requested reciprocal discovery; therefore the 14 days from February 15 to March 1, 2005, is also excludable pursuant to Local Rule 112.2(A)(3).  Thus, to date, there are no non-excludable days.

The period from March 1, 2005 through the date of the next status conference should be excluded because the Defendant has requested additional time to file substantive motions.

(6)  The parties currently anticipate that a trial will occur and will take approximately three days.

(7)  The parties request that the Court schedule a Final Status Conference in approximately late May 2005, on a date after the Defendant has filed substantive motions and after the government has filed its response to said motions.

|  |  |
|---|---|
|  | Respectfully submitted, |
| For the Defendant<br>BILAAL MCCLOUD | MICHAEL J. SULLIVAN<br>United States Attorney |
| /s/ James E. Small, Jr.<br>JAMES E. SMALL, JR. Esq.<br>Counsel for Defendant McCloud | By:  /s/ Jeffrey Auerhahn<br>JEFFREY AUERHAHN<br>Assistant U.S. Attorney |
| Date:     February 25, 2005 | Date:     February 25, 2005 |